E-FILED
Monday, 14 August, 2017 02:05:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BOONE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 17-CV-2158 ) |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in the Shawnee Correctional Center ("Shawnee"), was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The majority of plaintiff's allegations relate to medical care he received at Shawnee. Plaintiff alleges that the medical treatment he received at Shawnee aggravated the neuropathy disorder in his feet, and he ended up injuring his knee. For the reasons discussed

1

below, the Court offers no opinion on the viability of Plaintiff's claims arising out of Shawnee.

In July 2015, plaintiff alleges he was transferred to Danville Correctional Center ("Danville") for a court writ for approximately two weeks. Plaintiff orally stated that during the transport each way, they made no provisions on the bus for his injured knee and he was forced to sit with his injured right knee "wedged firmly against the hard surface" of the seat in front of him. Plaintiff also stated that he had to go to sick call three times in order to be issued a low-bunk permit and that he didn't receive the low-bunk permit until the day he was being transported back to Shawnee.

Plaintiff was provided access to medical treatment shortly after his arrival at Danville. The correctional officers transporting him were not trained medical professionals and could not offer medical treatment. Plaintiff's discomfort was relatively short lived, and nothing in Plaintiff's allegations suggest that prison officials intended to punish him. Plaintiff's allegations as they relate to Danville do not permit an inference that he suffered the extreme deprivation necessary to state a constitutional claim. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (prison conditions may be uncomfortable and harsh without violating the Constitution).

Plaintiff's claims against Shawnee officials belong in the Southern District of Illinois. Actions under 42 U.S.C. § 1983 may be brought only in (1) the judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C § 1391(b). Shawnee is located in Johnson County, which is entirely within the Southern District of Illinois, and the named defendants presumably reside within that district. Without expressing an opinion as to the merits of plaintiff's complaint, the Court finds that venue over these claims consequently lies in the Southern District of Illinois, and it is in the interests of justice that this cause be transferred there. *See* 28 U.S.C. § 1404(a).

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against Defendants E. Pearson and Mary Miller are dismissed. The clerk is directed to terminate Defendants Pearson and Miller.

2. The clerk is directed to transfer this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a) for whatever action(s) the transferee court deems appropriate.

Entered this 14th day of August, 2017

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE